UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ELGIE B. BLOCKER, JR.,

                Plaintiff,

        v.

ANDREW M. SAUL,[1] Commissioner of
  Social Security,

                Defendant.
_____

**DECISION
and
ORDER**

**18-CV-6788F**
(**consent**)

APPEARANCES:        LAW OFFICES OF KENNETH R. HILLER, PLLC
                              Attorneys for Plaintiff
                              KENNETH R. HILLER, and
                              ANTHONY JOHN ROONEY, of Counsel
                              6000 North Bailey Avenue, Suite 1A
                              Amherst, New York  14226

                              JAMES P. KENNEDY, JR.
                              UNITED STATES ATTORNEY
                              Attorney for Defendant
                              Federal Centre
                              138 Delaware Avenue
                              Buffalo, New York  14202
                                     and
                              KATHRYN L. SMITH
                              Assistant United States Attorney
                              United States Attorney's Office
                              100 State Street
                              Rochester, New York  14614
                                     and
                              BENIL ABRAHAM
                              Special Assistant United States Attorney, of Counsel
                              Social Security Administration
                              Office of General Counsel
                              26 Federal Plaza
                              Room 3904
                              New York, New York  10278

---

[1] Andrew M. Saul became the Commissioner of the Social Security Administration on June 17, 2019, and, pursuant to Fed.R.Civ.P. 25(d), is substituted as Defendant in this case. No further action is required to continue this suit by reason of sentence one of 42 U.S.C. § 405(g).

## JURISDICTION

On October 7, 2019, the parties to this action, in accordance with a Standing Order, consented pursuant to 28 U.S.C. § 636(c) to proceed before the undersigned. (Dkt. 14). The matter is presently before the court on motions for judgment on the pleadings filed by Plaintiff on June 21, 2019 (Dkt. 11), and by Defendant on August 12, 2019 (Dkt. 12).

## BACKGROUND

Plaintiff Elgie B. Blocker, Jr. ("Plaintiff"), brings this action under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 405(g), seeking judicial review of the Commissioner of Social Security's final decision denying Plaintiff's application filed with the Social Security Administration ("SSA"), on July 18, 2015, for Supplemental Security Income ("SSI") under Title XVI of the Act ("disability benefits"). Plaintiff alleges he became disabled on June 30, 2014, based on anxiety since 2011, rendering Plaintiff unable to be around people, nervousness, panic attacks, inability to sleep, chronic bilateral knee pain with surgical repair of a ruptured tendon in 2005, no knee cartilage, tendinitis, and high blood pressure. AR[2] at 164, 168. Plaintiff's application initially was denied on September 21, 2015, AR at 66-73, and at Plaintiff's timely request, on December 12, 2017, a hearing was held in Rochester, New York before administrative law judge John P. Costello ("the ALJ"). AR at 29-49. Appearing and testifying at the hearing were Plaintiff, then represented by Justin Goldstein, Esq., and vocational expert Dawn Blythe ("VE").

---

[2] References to "AR" are to the page of the Administrative Record electronically filed by Defendant on April 19, 2019 (Dkt. 8).

On January 17, 2018, the ALJ issued a decision denying Plaintiff's claim, AR at 12-28 ("the ALJ's decision"), which Plaintiff timely appealed to the Appeals Council. AR at 7-9. On September 18, 2018, the Appeals Council issued a decision denying Plaintiff's request for review, rendering the ALJ's decision the Commissioner's final decision. AR at 1-6. On November 1, 2018, Plaintiff commenced the instant action seeking judicial review of the ALJ's decision.

On June 21, 2019, Plaintiff moved for judgment on the pleadings (Dkt. 11) ("Plaintiffs' Motion"), attaching the Memorandum of Law in Support of Plaintiff's Motion for Judgment on the Pleadings (Dkt. 11-1) ("Plaintiff's Memorandum"). On August 12, 2019, Defendant moved for judgment on the pleadings (Dkt. 12) ("Defendant's Motion"), attaching the Commissioner's Brief in Support of the Commissioner's Motion for Judgment on the Pleadings and in Response to Plaintiff's Brief Pursuant to Local Rule 5.5 (Dkt. 12-1) ("Defendant's Memorandum"). Filed on September 2, 2019, was Plaintiff's Response to the Commissioner's Brief in Support and in Further Support for Plaintiff's Motion for Judgment on the Pleadings (Dkt. 13) ("Plaintiff's Reply"). Oral argument was deemed unnecessary.

Based on the foregoing, Plaintiff's Motion is DENIED; Defendant's Motion is GRANTED.

## **FACTS**[3]

Plaintiff Elgie B. Blocker, Jr. ("Plaintiff" or "Blocker"), born November 6, 1975, was 38 years old as of June 30, 2014, his alleged disability onset date ("DOD"), and 42 years old as of January 17, 2018, the date of the ALJ's decision. AR at 24, 138, 164.

---

[3] In the interest of judicial economy, recitation of the Facts is limited to only those necessary for determining the pending motions for judgment on the pleadings.

Plaintiff is single, has one adult daughter and several grandchildren, and lived alone in an apartment in Rochester, New York when he applied for benefits, and was living with his mother as of the date of the administrative hearing.  AR at 38, 81-82, 182.  Plaintiff attended regular classes in high school through 11th grade, can communicate in English, and has no further specialized job training or vocational education.  AR at 34, 169.  Plaintiff relies on his daughter or his mother for grocery shopping and meal preparation, with Plaintiff only being able to microwave meals, and is able to attend to his personal hygiene.  AR at 36-39, 184-85.  Plaintiff does not drive, but relies on others for rides or walks.  AR at 36, 185.  Plaintiff's socialization is limited to visiting with his daughter and grandchildren three times a week, and with his aunt and uncle a few times per month.  AR at 36, 186.

Plaintiff has limited work experience which Plaintiff attributes to stress, difficulties getting along with others, poor anger management, poor memory, and an inability to stand for long periods.  AR at 34-36, 188-89.  Plaintiff most recently worked from September to November 2014 as a temporary employee, and as a cook from June to December 2012.  AR at 157, 169.

## DISCUSSION

**1.      Standard and Scope of Judicial Review**

A claimant is "disabled" within the meaning of the Act and entitled to disability benefits when she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. §§

416(i)(1); 1382c(a)(3)(A). A district court may set aside the Commissioner's determination that a claimant is not disabled if the factual findings are not supported by substantial evidence, or if the decision is based on legal error. 42 U.S.C. §§ 405(g), 1383(c)(3); *Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003). In reviewing a final decision of the SSA, a district court "is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotation marks and citation omitted). "Substantial evidence is more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*. It is not, however, the district court's function to make a *de novo* determination as to whether the claimant is disabled; rather, "the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn" to determine whether the SSA's findings are supported by substantial evidence. *Id*. "Congress has instructed . . . that the factual findings of the Secretary,[4] if supported by substantial evidence, shall be conclusive." *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

## 2. Disability Determination

The definition of "disabled" is the same for purposes of receiving SSDI and SSI benefits. *Compare* 42 U.S.C. § 423(d) *with* 42 U.S.C. § 1382c(a). The applicable regulations set forth a five-step analysis the Commissioner must follow in determining eligibility for disability benefits. 20 C.F.R. §§

---

[4] Pursuant to the Social Security Independence and Program Improvements Act of 1994, the function of the Secretary of Health and Human Services in Social Security cases was transferred to the Commissioner of Social Security, effective March 31, 1995.

5

404.1520 and 416.920.  *See Bapp v. Bowen*, 802 F.2d 601, 604 (2d Cir. 1986); *Berry v. Schweiker*, 675 F.2d 464 (2d Cir. 1982).  If the claimant meets the criteria at any of the five steps, the inquiry ceases and the claimant is not eligible for disability benefits.  20 C.F.R. §§ 404.1520 and 416.920.  The first step is to determine whether the applicant is engaged in substantial gainful activity during the period for which the benefits are claimed.  20 C.F.R. §§ 404.1520(b) and 416.920(b).  The second step is whether the applicant has a severe impairment which significantly limits the physical or mental ability to do basic work activities, as defined in the relevant regulations.  20 C.F.R. §§ 404.1520(c) and 416.920(c).  Third, if there is an impairment and the impairment, or its equivalent, is listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 of the regulations ("Appendix 1" or "the Listings"), and meets the duration requirement of at least 12 continuous months, there is a presumption of inability to perform substantial gainful activity, and the claimant is deemed disabled, regardless of age, education, or work experience.  42 U.S.C. §§ 423(d)(1)(A) and 1382a(c)(3)(A); 20 C.F.R. §§ 404.1520(d) and 416.920(d).  As a fourth step, however, if the impairment or its equivalent is not listed in Appendix 1, the Commissioner must then consider the applicant's "residual functional capacity" or "RFC" which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding the limitations posed by the applicant's collective impairments, *see* 20 C.F.R. 404.1520(e)-(f), and 416.920(e)-(f), and the demands of any past relevant work ("PRW").  20 C.F.R. §§ 404.1520(e) and 416.920(e).  If the applicant remains capable of performing PRW, disability benefits will be denied, *id.*, but if the applicant is unable to perform PRW relevant work, the Commissioner, at the fifth step, must consider whether, given the applicant's age, education, and past

work experience, the applicant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy." *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks and citation omitted); 20 C.F.R. §§ 404.1560(c) and 416.960(c). The burden of proof is on the applicant for the first four steps, with the Commissioner bearing the burden of proof on the final step. 20 C.F.R. §§ 404.1520(a)(4) and 416.920(a)(4); *Burgess v. Astrue*, 537 F.3d 117, 128 (2d Cir. 2008).

In the instant case, the ALJ found Plaintiff had not engaged in substantial gainful activity since June 30, 2015, the date of his application, AR at 17, and suffers from the severe impairments of anxiety disorder, antisocial personality disorder, paranoid personality disorder, posttraumatic stress disorder ("PTSD"), depressive disorder, bipolar I disorder, alcohol abuse disorder, and bilateral knee degenerative joint disease. *Id.* at 17-18. The ALJ further found Plaintiff does not have an impairment or combination of impairments meeting or medically equal to the severity of any listed impairment in Appendix 1, *id.* at 18-19, and that Plaintiff retains the RFC to perform medium work as defined under the Act, with additional limitations of simple routine tasks, occasional interaction with coworkers and the general public, and low stress work defined as work involving only occasional decision making. *Id.* at 19-23. Based on his age, education, ability to communicate in English, work experience, and RFC, the ALJ found jobs exist in significant numbers in the national economy that Plaintiff can perform, including work as an industrial cleaner, and as a laundry laborer. *Id.* at 23-24. Accordingly, the ALJ found Plaintiff is not disabled under the Act. *Id.* at 24.

Plaintiff does not contest the ALJ's findings with regard to the first two steps of the five-step analysis, but argues the ALJ improperly evaluated the opinion of Adam Brownfield, Ph.D. ("Dr. Brownfield"), a consultative psychologist whose found Plaintiff with marked limitations in several areas which Plaintiff maintains establishes Plaintiff meets the listing for disability based on a mental impairment,[5] Plaintiff's Memorandum at 8-14, and further erred in assessing Plaintiff's mental RFC. *Id.* at 14-18. Defendant maintains the ALJ properly evaluated DR. Brownfield's opinion, Defendant's Memorandum at 11-15, and the ALJ's RFC determination is supported by substantial evidence in the record. *Id.* at 15-17. In reply, Plaintiff reiterates the argument that the ALJ improperly evaluated Dr. Brownfield's opinion, Plaintiff's Reply at 1-2, and argues the ALJ's RFC assessment fails to adequately account for Plaintiff's stress limitations. *Id.* at 2-3. Plaintiff's arguments are without merit.

Insofar as Plaintiff argues that at the third step, the ALJ failed to consider the consultative opinion of psychologist Dr. Brownfield, AR at 298-301, such that the ALJ's determination that Plaintiff's mental impairment does not meet the relevant criteria for the Listing of Impairments is not supported by substantial evidence in the record, the ALJ considered Plaintiff's mental impairments pursuant to Listings 12.04 (depressive, bipolar and related disorders), 12.06 (anxiety and obsessive-compulsive disorders) and 12.08 (personality and impulse-control disorders). As relevant to this discussion, disability under any of these three listings requires meeting the criteria of 20 C.F.R. Part

---

[5] The court notes that upon determining a disability benefits applicant meets the criteria for disability based on a Listing Impairment at step 3, the inquiry ceases without proceeding to the remaining two steps of the five-step analysis. 20 C.F.R. § 416.920(d) (providing claimant who meets or equals criteria of a Listing Impairment is considered disabled without regard to age, education, and work experience).

404, Subpt. P, App. 1, § 12.00.A.2.b ("Paragraph B"), which provides for the functional criteria to be assessed in evaluating how a claimant's mental disorder limits functioning.

> These [four] criteria represent the areas of mental functioning a person uses in a work setting. They are: [1] Understand, remember or apply information; [2] interact with others; [3] concentrate, persist, or maintain pace; and [4] adapt or manage oneself.

20 C.F.R. Part 404, Subpt. P, App. 1, § 12.00.A.2.b (bracketed material added).[6] Furthermore, to satisfy the criteria of paragraph B, a claimant's mental disorder must result in an "extreme" limitation of at least one of the four criteria, or a "marked" limitation in at least two such criteria. *Id.*

Significantly, in his consultative opinion, Dr. Brownfield assessed Plaintiff with no limitation in following and understanding simple directions and instructions, performing simple tasks independently, maintaining attention and concentration, maintaining a regular schedule, learning new tasks, and performing complex tasks independently, but with marked limitations to making appropriate decisions, relating adequately with others, and appropriately dealing with stress. AR at 300. Plaintiff maintains Dr. Brownfield's finding that Plaintiff has a marked limitation in adequately relating with others meets the second paragraph B criteria, *i.e.*, interacting with others, Plaintiff's Memorandum at 14, and that Dr. Brownfield's further finding that Plaintiff is markedly limited in making appropriate decisions and dealing with stress establishes Plaintiff meets the fourth paragraph B criteria, *i.e.*, adapting or managing oneself. *Id.* As such, Plaintiff asserts substantial evidence in the record establishes Plaintiff with marked limitations in two of the paragraph B criteria, requiring a finding that Plaintiff is disabled based on Listing

---

[6] Because the parties do not dispute that if the administrative record establishes the paragraph B criteria are satisfied, Plaintiff would be disabled under Listing 12.04, 12.06, or 12.08, the remaining criteria for these Listings are not discussed.

9

12.04, 12.06, or 12.08.  *Id.*  Plaintiff's argument is without merit because the administrative record is devoid of substantial evidence establishing Plaintiff has a marked limitation with regard to the fourth paragraph B criteria pertaining to adapting or managing oneself.

In particular, although Dr. Brownfield opined Plaintiff is markedly limited in making appropriate decisions and appropriately dealing with stress, the fourth paragraph B mental functioning area of adapting or managing oneself

> refers to the abilities to regulate emotions, control behavior, and maintain well-being in a work setting.  Examples include: Responding to demands; adapting to changes; managing your psychologically based symptoms; distinguishing between acceptable and unacceptable work performance; setting realistic goals; making plans for yourself independently of others; maintaining personal hygiene and attire appropriate to work setting; and being aware of normal hazards and taking appropriate precautions.

20 C.F.R. Part 404, Subpart P, App'x 1, § 12.00(E)(4). Significantly, Plaintiff does not explain how the marked limitations in making appropriate decisions and dealing with stress Dr. Brownfield assessed comports with or otherwise qualifies under the regulations' definition for the mental functioning area of adapting or managing oneself and the court's research reveals no case supporting Plaintiff's assertion on this point.  Simply put, a plain of paragraph B regarding the area of adapting or managing oneself does not expressly include the limitations of making appropriate decisions or dealing with stress.

The ALJ determined that Plaintiff is not markedly limited in adapting or managing oneself because the record shows Plaintiff is able to take care of his activities of daily living, cooking, albeit by microwaving food, cleaning, and managing money, and that Plaintiff got along with his medical providers and staff, as well as the absence of any

10

evidence demonstrating Plaintiff is significantly limited in his awareness of hazards or "requires excessive supervision while performing basic day-to-day tasks." AR at 19. This determination is supported by substantial evidence in the record, including Dr. Brownfield's assessment of Plaintiff's mode of living as including that Plaintiff is able to dress, bathe, and groom himself, with Plaintiff appearing his stated age, appropriately dressed, and well-groomed, with normal posture and motor behavior, appropriate eye contact, and goal directed, cooperative and with adequate presentation. AR at 299.

Insofar as Dr. Brownfield assessed Plaintiff as markedly limited in making appropriate decisions, AR at 300, Dr. Brownfield also assessed Plaintiff with clear sensorium, oriented in all three spheres (person, place and time), intact attention and concentration, intact recent and remote memory skills, average cognitive functioning, fair insight and judgment, and able to manage his own funds. AR at 299-300. The ALJ further found Dr. Brownfield's opinion that Plaintiff was markedly limited in making appropriate decisions was inconsistent with the absence of any evidence of any limitation in Plaintiff's following and understanding simple directions and instructions, performing simple tasks independently, maintaining attention and concentration, maintaining a regular schedule, learning new tasks, and performing complex tasks independently. AR at 22 (referencing AR at 300). Accordingly, the ALJ did not err in declining to adopt Dr. Brownfield's assessment that Plaintiff is markedly limited in making appropriate decisions.

The ALJ's determination that Plaintiff's' mental impairments do not satisfy the paragraph B criteria for disability based on Listing 12.04, 12.06 or 12.08 is thus supported by substantial evidence in the record.

11

With regard to Dr. Brownfield's assessment of Plaintiff as markedly limited in appropriately dealing with stress, AR at 300, not only is such limitation not within the paragraph B regulatory definition for adapting or managing oneself, but courts within the Second Circuit have repeatedly held that "[m]arked limitations in mental functioning, including a marked limitation in ability to deal with stress, do not mandate a finding of disability, but can be addressed with additional limitations to a plaintiff's RFC, such as limiting plaintiff to simple, routine and repetitive tasks in a work environment free of fast-paced production requirements." *Uplinger v. Berryhill*, 2019 WL 4673437, at * 7 (W.D.N.Y. Sept. 25, 2019) (citing *Sophie H. v. Saul*, 2019 WL 3975455, at **7-8 (N.D.N.Y. Aug. 22, 2019) (holding ALJ properly assessed stress limitation set forth by consultative psychologist, who found the plaintiff with a marked limitation in ability to deal with stress, by including additional limitations in formulating the plaintiff's RFC to address the plaintiff's difficulties in handling stress)). Similarly, in the instant case, the ALJ accounted for Plaintiff's stress limitations by incorporating into Plaintiff's RFC limitations to "simple routine tasks," "occasional interaction with coworkers and the general public," and "low stress work defined as work involving only occasional decision making." AR at 19. Such limitations have routinely been found to adequately account for a marked limitation in dealing with stress. *See, e.g.*, *Uplinger*, 2019 WL 4673437, at * 7 (finding ALJ appropriately accounted for plaintiff's marked limitations in dealing with stress by limiting the plaintiff to work in low stress work environment reflected by simple instructions and tasks, with no supervisory duties, independent decision-making, or strict production quotas, minimal changes in work routine and processes, and limited interaction with supervisors, coworkers, and general public); and *Herb v. Comm'r of*

*Soc. Sec.*, 366 F.Supp.3d 441, 447 (W.D.N.Y. 2019) (observing "an RFC limiting a plaintiff to occasional interaction with co-workers and the public, and to the performance of simple, routine tasks, may account for the plaintiff's stress-related limitations." (citing cases)). Accordingly, the ALJ's inclusion of additional limitations in Plaintiff's RFC sufficiently accounted for the limitations to Plaintiff's ability to work posed by his stress and is supported by substantial evidence in the record.

## CONCLUSION

Based on the foregoing, Plaintiff's Motion (Dkt. 11) is DENIED; Defendant's Motion (Dkt. 12) is GRANTED. The Clerk of Court is directed to close the file.
SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:      March 4th, 2020
                Buffalo, New York